**EXHIBIT A**

4-21-14   105 M N

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COLLECTO, INC., D/B/A EOS-CCA,
*(AVISO AL DEMANDADO):* UNITED STUDENT AID FUNDS, INC.,
and Does 1 to 25

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/10/2014** at 09:38:52 AM
Clerk of the Superior Court
By Valerie Kintz,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** Yvette Aguillon
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número de Caso):* 30-2014-00716037-CL-NP-CJC

Orange County Superior Court
700 Civic Center Drive West
Central Justice Center
Santa Ana, CA 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph R. Manning, Jr. (SBN 223381)     949-200-8755     866-843-8308
Law Offices of Joseph R. Manning, Jr., APC
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660

DATE: 04/10/2014     ALAN CARLSON, Clerk of the Court     _____, Deputy
*(Fecha)*     _____ *(Secretario)*     *(Adjunto)*

Valerie Kintz

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [ ] on behalf of (specify): Collecto Inc

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [✓] by personal delivery on (date): 4-21-14

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/10/2014** at 09:38:52 AM
Clerk of the Superior Court
By Valerie Kintz, Deputy Clerk

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**THE LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
PH: (949) 200-8755
FX: (866) 843-8308

Attorneys for Plaintiff:
YVETTE M. AGUILLON

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| YVETTE AGUILLON, an individual<br><br>PLAINTIFF,<br><br>vs.<br><br><br>COLLECTO, INC., D/B/A EOS-CCA,<br>UNITED STUDENT AID FUNDS,<br>INC., and Does 1 to 25,<br><br><br>DEFENDANTS. | Case No.:   30-2014-00716037-CL-NP-CJC<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>Civil Limited Over $10,000 |

## INTRODUCTION

1. This action arises out of the defendants, COLLECTO, INC., D/B/A EOS-CCA,

   UNITED STUDENT AID FUNDS, INC., Christine Bean, and KIM PORTER

   (collectively referred to as defendants unless otherwise indicated) violations of the Fair

   Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act.

---

**COMPLAINT FOR DAMAGES**

1

2.  Plaintiff YVETTE Aguillon (hereinafter referred to as "Ms. Aguillon" unless otherwise indicated) brings this action to pursue actual and statutory damages against the defendants for their violation of both statutes.

3.  Ms. Aguillon's claims are based on the following:

    a. After Ms. Aguillon resolved her student loan account with defendants, defendants: (1) collectively continued to garnish her wages; and (2) failed to notify the Department of Education about the settled account resulting in the Department of the Treasury intercepting her tax refund.

**JURISDICTION AND VENUE**

4.  This Court has original jurisdiction pursuant to California Code of Civil Procedure section 410.10 and 47 U.S.C. § 227(b)(3). (See *Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir. 2000).)

5.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and the Telephone Consumer Protection Act 47 U.S.C. §§ 227 et seq. (TCPA).

6.  Because Defendants do business within the State of California, personal jurisdiction is established.

7.  Venue is proper in this Court pursuant to California Code of Civil Procedure §§ 395 and 395.5. Many of the acts giving rise to the violations complained of herein occurred and had their primary effect in this county.

---

**COMPLAINT FOR DAMAGES**

2

**PARTIES**

8. Plaintiff, Yvette Aquillon is a natural person who resides in the City of Irvine, State of California.  Plaintiff is, at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (1).

9. Defendant, Collecto, Inc., D/B/A EOS-CCA ("Collecto") is a debt collector and at all times mentioned herein, a corporation that is incorporated in the State of Massachusetts with its principal place of business in Massachusetts.  Plaintiff also alleges that at all times relevant herein, Collecto conducted business in the State of California and in the County of Orange, and within this judicial district.

10. Defendant, United Student Aid Funds, Inc. ("USAF") is a debt collector and at all times mentioned herein a corporation that is incorporated in the State of Delaware with its principal place of business in Indiana. Plaintiff also alleges that at all times relevant herein, USAF conducted business in the State of California and in the County of Orange, and within this judicial district.

11. Plaintiff Ms. Aguillon is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from her.  And, Ms. Aguillon is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

12. Ms. Aguillon is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendants are persons who: (1) use an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or (2) who

**COMPLAINT FOR DAMAGES**

3

regularly collects or attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another; or (3) is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

16. The true names of Does 1 to 25 are currently unknown to Ms. Aguillon who alleges was responsible in some manner for the injuries sustained by her as alleged in this complaint. Ms. Aguillon requests leave to file an amendment to this Complaint alleging the true complete names of Does 1 to 25 when their names have been ascertained.

17. Any acts or omission of Does 1 to 25 alleged in this Complaint were under the direct control or supervision of Defendants , COLLECTO, INC., D/B/A ESO-CCA, UNITED STUDENT AID FUNDS, INC, and consequently Defendants , COLLECTO, INC., D/B/A ESO-CCA, UNITED STUDENT AID FUNDS, INC are vicariously liable for these acts or omissions.

///
///

**COMPLAINT FOR DAMAGES**

4

## FACTUAL ALLEGATIONS

### The Origination of the Federal Student Loan

18. This action arises out of a federal student loan serviced by Sallie Mae.

19. After Ms. Aguillon defaulted on her student loan, she began receiving communications from Defendants Collecto and USAF.

20. Eventually, USAF, through its proxy, Collecto served an "Order Withholding From Earnings" (the "Order") on Ms. Aguillon's employer directing it to withhold a portion of her disposable income in order to satisfy her defaulted student loan (Exhibit A).

### The Settlement of the Defaulted Student Loan

21. On January 23, 2014, Ms. Aguillon's counsel, Naji Chami of the Law offices of Joseph R. Manning, Jr., APC, contacted defendant and EOS representative, Kim Porter.

22. After Mr. Chami successfully resolved Ms. Aguillon's student loan with Ms. Porter, he was transferred to Christina Bean who confirmed Ms. Aguillon's bank routing and checking number in order to effect an electronic fund transfer of the settlement funds to EOS.  The EOS settlement confirmation number provided by Christina is: 124481075.

23. Christina confirmed with Mr. Chami that all collection efforts by EOS would cease and that EOS would notify Ms. Aguillon's payroll department to immediately terminate the "Order Withholding From Earnings ("Order")

24. After purportedly calling Ms. Aguillon's payroll department and speaking with a "Juan" and an "Orlando", she was advised that since the garnishment was scheduled for the next day, Friday January 24, 2014, there was not sufficient time to stop the garnishment from

---

**COMPLAINT FOR DAMAGES**

5

taking effect.

25. Upon information and belief, Ms. Porter's statement was false, as she never contacted Ms. Aguillon's payroll department.

**The Continued Garnishment of Ms. Aguillon's Disposable Income**

26. On January 27, 2014, Mr. Chami followed up with Ms. Porter regarding the Order. Ms. Porter advised that she had called Ms. Aguillon's payroll department and left a voicemail but had yet to receive a return call.

27. On January 29, 2014, Ms. Aguillon spoke with "Kate" in her payroll department and Kate advised her that Kim never contacted their department. In addition, Kate advised Ms. Aguillon and that the proper channel to terminate the Order is for EOS to send written instruction by facsimile.

28. Mr. Aguillon provided this information to Mr. Chami, who then contacted "Diane," a supervisor at EOS. Mr. Naji instructed Diane on how lift the Order and provided her with the facsimile number where Diane should send her fax.

29. Diane assured Mr. Naji that she would immediately fax her instructions to Ms. Aguillon's payroll department to lift the Order.

30. On February 24, 2014, Mr. Chami contacted Diane and advised her that the payroll department still had yet to receive any direction from EOS about terminating the Order. As such, the payroll department withheld another portion of Ms. Aguillon's income.

**The Interception of Ms. Aguillon's 2012 and 2013 Tax Refunds**

31. On or about March 4, 2014, Ms. Aguillon received notice from the Department of the

---

**COMPLAINT FOR DAMAGES**

6

1   Treasury advising her that a portion of her tax refund would be applied towards her

2   student loan (**Exhibit B**).

3   32. Upon information and belief, Defendants failed to notify the Department of Education

4   regarding the settlement, prompting the Department of Education to intercept a portion

5   of Ms. Aguillon's tax refund.  Because the settlement was reached on January 23, 2014,

6   Defendants had more than a reasonable amount of time to notify the Department of

7   Education that the loan had been resolved.

8

9   **Defendants' Liability under the FDCPA and RFDCPA**

10  33. The FDCPA prohibits a debt collector from taking any action that they are not legally

11  authorized to take.  Defendants' conduct therefore violates the FDCPA because they

12  failed to terminate the wage garnishment order and continued to allow the Department of

13  Education to intercept Ms. Aguillon's 2012 and 2013 tax refund despite the settlement.

14  34. Defendants' violation of the FDCPA is necessarily also a violation of the RFDCPA

15  pursuant to California Civil Code §1788.17.

16  35. Defendants' conduct has proximately caused Ms. Aguillon past and future monetary loss

17  such as the income withheld by her payroll department after the settlement, past and

18  future mental distress and emotional anguish, and other damages that will be presented

19  to the jury.

20  36. After a reasonable time for discovery, Ms. Aguillon believes she will be able to show

21  that all actions taken by Defendants at issue were performed maliciously, wantonly,

22  recklessly, intentionally and/or willfully, and were done with either the desire to harm or

23

24

25

26  _____

27  **COMPLAINT FOR DAMAGES**

28  7

harass Ms. Aguillon and/or with the knowledge that their actions would very likely harm or harass her and/or that their actions were taken in violation of the law.

37. After a reasonable time for discovery, Ms. Aguillon believes she will be able to show that Defendants have engaged in a pattern and practice of wrongful, unlawful and harassing behavior such that the full measure of the statutory damages allowed under the FDCPA and RFDCPA should be levied against Defendants in order to deter similar future conduct by Defendants and similar companies.

## CAUSE OF ACTIONS

### First Cause Of Action
**(Violations Of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.)**

38. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

40. As a result of each and every Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

///

///

**COMPLAINT FOR DAMAGES**

8

**Second Cause Of Action**
**(Violation Of The Rosenthal Fair Debt Collection**
**Practices Act §§ 1788-1788.32)**

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

43. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to actual damages pursuant to Cal. Civ. Code §1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

**FIRST CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION**

**PRACTICES ACT**

a.   An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b.   An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;

c.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**COMPLAINT FOR DAMAGES**

9

c.  An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

## OTHER RELIEF

Any and all further relief that the Court deems just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 10, 2014      **LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr.,
Attorney for Plaintiff Yvette Aguillon

**COMPLAINT FOR DAMAGES**

10

**SECOND CAUSE OF ACTION FOR VIOLATION OF THE ROSENTHAL FAIR DEBT**

**COLLECTION PRACTICES ACT**

a.  An award of actual damages pursuant to Cal. Civ. Code §1788.30(a);

b.  An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

c.  An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

**OTHER RELIEF**

Any and all further relief that the Court deems just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 10, 2014      **LAW OFFICES OF JOSEPH R. MANNING, JR.**
**A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr.,
Attorney for Plaintiff Yvette Aguillon

---

**COMPLAINT FOR DAMAGES**

10

**EXHIBIT A**



⟨9⟩

↓ RE:
STUDENT LOAN DEBT OF
YVETTE AGUILLON, DEBTOR

EMPLOYER:   ABBOTT STAFFING GROUP ATTN JENNY
            1201 DOVE ST
            STE 600
            NEWPORT BEACH CA 92660





## ORDER OF WITHHOLDING FROM EARNINGS

Pursuant to authority granted to USAFUNDS by federal law (Public Law 102-164, as amended by Public Law
109-171; 20 U.S.C. §1095a et seq.), YOU, the employer of the debtor named below, ARE HEREBY ORDERED AND
DIRECTED to withhold income from the debtor's disposable pay from this employment for payment of defaulted
student loan(s), as follows:

Debtor:   YVETTE AGUILLON                              SS#:  585279596

Address:  1200 TAMARACK AVE                            Total Amount
          BREA CA 92821-2153                           Currently Due: $ 16852.59

Amount to Withhold:
Employer SHALL DEDUCT AND PAY TO EOS CCA from the debtor's wages the lesser of --

- 15% from the debtor's disposable pay for each pay period (not to exceed 15% of the debtor's
  disposable pay) or

- the amount permitted by 15 U.S.C. 1673, unless the debtor provides
  USAFUNDS with written consent to deduct a greater amount.

This amount SHALL be deducted until the amount set forth above as the "Total Amount Currently Due", ** plus all
further accrued interest, is fully paid.

Time for Withholding:
Employer is DIRECTED to begin withholding from the debtor's disposable pay beginning with the first pay period
that occurs after the issuance of this Withholding Order.

Method of Payment:
Employer is DIRECTED TO PAY all amounts withheld on each regular payday, no less frequently than once each
month, to:

          EOS CCA
          PO BOX 207
          NORWELL MA 02061-0207

All payments MUST identify the debtor and the debtor's social security number.

Section 488A of the Act provides that an employer who fails to comply with a garnishment order issued under this
law will be liable for any amounts that are not so withheld following its receipt, in addition to costs of suit as a result
of legal action authorized under the law.

THIS ORDER OF WITHHOLDING IS ISSUED ON March 6, 2012
Agent for USAFUNDS: EOS CCA

**EXHIBIT B**





Department of the Treasury
Internal Revenue Service
Fresno, CA 93888-0025

| Notice | CP12 |
|---|---|
| Tax Year | 2013 |
| Notice date | March 3, 2014 |
| Social Security number | XXX-XX-9596 |
| To contact us | 1-800-829-0922 |
| Your Caller ID | 699363 |
| Page 1 of 3 | 89H |

087564.269354.31748.2532 1 AT 0.406 536



YVETTE M AGUILLLON
73 SMOKESTONE
IRVINE CA 92614-7430

087564

Changes to your 2013 Form 1040EZ

# Adjusted refund: $563.31

We believe there's a miscalculation on your 2013 Form 1040EZ, which affects the following area of your return:

• Tax Computation

We made changes to your return that correct this error. As a result, you are due a refund of $563.31.

## Summary

| | |
|---|---|
| Payments you made | -$3,211.31 |
| Tax you owed | 2,648.00 |
| **Refund due** | **$563.31** |

## What you need to do

Review this notice, and compare our changes to the information on your tax return.

**If you agree with the changes we made**

• If you haven't received a refund for $563.31, you should receive it within 4-6 weeks as long as you don't owe other tax or debts we're required to collect.

Continued on back…



YVETTE M AGUILLLON
73 SMOKESTONE
IRVINE CA 92614-7430

| Notice | CP12 |
|---|---|
| Notice date | March 3, 2014 |
| Social Security number | XXX-XX-9596 |

## Contact information

If your address has changed, please call 1-800-829-0922 or visit www.irs.gov.

☐ Please check here if you've included any correspondence. Write your Social Security number (XXX-XX-9596), the tax year (2013), and the form number (1040EZ) on any correspondence.

| | ☐ a.m. | | ☐ a.m. |
|---|---|---|---|
| | ☐ p.m. | | ☐ p.m. |
| Primary phone | Best time to call | Secondary phone | Best time to call |

INTERNAL REVENUE SERVICE
FRESNO, CA 93888-0025

XXXXX9596 XN AGUI 30 0 201312



| Notice | CP12 |
|---|---|
| **Tax Year** | 2013 |
| Notice date | March 3, 2014 |
| Social Security number | XXX-XX-9596 |
| **Page 3 of 3** | 89H |

**Additional information — continued**



0E7564

- Did you e-file your tax return?  Electronically filed returns are less likely to have math errors resulting in notices such as this one.  It's free to file your taxes electronically. Go to www.irs.gov/efile for information and instructions.
- Keep this notice for your records.
- **Estimated Tax Filers Note**:  If you pay estimated taxes, check your computation of estimated tax to see if you should adjust your estimated tax payments.

If you need assistance, please don't hesitate to contact us.



DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P. O. BOX 1686
BIRMINGHAM, AL 35201-1686

THIS IS NOT A BILL
PLEASE RETAIN FOR YOUR RECORDS

02/28/14



YVETTE M AGUILLLON
73 SMOKESTONE
IRVINE, CA 92614-7430

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe. The government agency (or agencies) collecting your debt is listed below.

| U.S. Department of Education | |
| c/o Sallie Mae, Inc. | TIN Num: 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 |
| P.O. Box 9460, PCA MC E2142 | TOP Trace Num: 101994063 |
| Wilkes-Barre     PA 18773-9460 | Acct Num: UF585279596 |
| | Amount This Creditor:     $429.85 |
| | Creditor: 05     Site: UF |

**800-331-2314        (800) 331-2314**
PURPOSE: Non-Tax Federal Debt

| U.S. Department of Education | |
| c/o Educational Credit Mngmt Corp. | TIN Num: 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 |
| Attn: Federal Offset | TOP Trace Num: 101994064 |
| P.O. Box 16288 | Acct Num: SM585279596 |
| St. Paul        MN 55116 | Amount This Creditor:     $133.46 |
| **800-367-1590        (800) 367-1590** | Creditor: 05     Site: SM |
PURPOSE: Non-Tax Federal Debt

The Agency has previously sent notice to you at the last address known to the Agency. That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds. **If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above.** The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date. If you intend to contact the Agency, please have this notice available.

U. S. Department of the Treasury
Financial Management Service
(800) 304-3107
TELECOMMUNICATIONS DEVICE FOR THE DEAF (TDD) (866) 297-0517

PAYMENT SUMMARY
PAYEE NAME:  YVETTE M AGUILLLON
PAYMENT BEFORE REDUCTION:        $563.31          PAYMENT DATE: 02/28/14
TOTAL AMOUNT OF THIS REDUCTION:        $563.31          PAYMENT TYPE: Check
PAYING FEDERAL AGENCY: Internal Revenue Service          SPLIT REFUND CODE:
(See Insert on Tax Refund Offsets for Additional Information)

FOR OFFICIAL USE ONLY:     0000008118 101994063729856559010351752S0ALTR-F02YVETE006039
RL0709



**FOR JOINT TAX REFUND OFFSETS ONLY:**

Tax refunds may be offset per 26 U.S.C. Section 6402( c-f ) of the Internal Revenue Code.

If you filed a joint return and only one spouse is responsible for the debt, the spouse who isn't responsible for the debt, the "injured spouse," may be entitled to his or her share of the joint refund if he or she had income, withholdings, estimated tax payments or refundable credits. If both you and your spouse were offset for separate debts, one of you may be entitled to have more of the overpayment applied to his or her debt and/or refund.

If you lived in a community property state during the tax year, the injured spouse may be entitled to his or her share of the joint refund if he or she didn't have any income, withholdings, estimated tax payments or refundable credits. The community property states are: Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington and Wisconsin.

The injured spouse must complete IRS Form 8379, "Injured Spouse Claim and Allocation," to get his or her share of the refund. Call the IRS at 1-800-829-3676 to request forms. If you have questions about Form 8379 or need help completing it, please call your local IRS office or 1-800-829-1040.

**MAIL THE FORM TO THE SAME IRS OFFICE WHERE YOU MAILED YOUR ORIGINAL TAX RETURN. ALLOW IRS 8 WEEKS TO PROCESS THE FORM.**



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Joseph R. Manning, Jr. (SBN 223381)
Law Offices of Joseph R. Manning, Jr., APC
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
TELEPHONE NO.: 949-200-8755     FAX NO.: 866-843-8308
ATTORNEY FOR (Name): Plaintiff, Yvette Aguillon

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/10/2014** at 09:38:52 AM
Clerk of the Superior Court
By Valerie Kintz, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME: Aguillon v. COLLECTO, INC., D/B/A ESO-CCA, UNITED STUDENT AID FUNDS, INC.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 30-2014-00716037-CL-NP-CJC |
|---|---|---|---|---|
| [ ] Unlimited (Amount demanded exceeds $25,000) | [x] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Two

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 10, 2014

Joseph R. Manning, Jr. (SBN 223381)
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                                   )  ss
COUNTY OF LOS ANGELES     )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action.  My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California  90045.

On **May 20, 2014**, I served the foregoing document(s) described as: **NOTICE OF REMOVAL** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[X]    **BY MAIL:**  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]    **BY ELECTRONIC MAIL:**  Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]    **BY FACSIMILE** – I transmitted via telecopier machine such document to the interested parties at the facsimile number(s) listed on the attached service list.

[ ]    **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    **(FEDERAL):**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **20th** day of **May 2014,** at Los Angeles, California.

Linda Brooks

## SERVICE LIST

*Yvette Aguillon v. Collecto, Inc. d/b/a  EOS CCA.*
File No. 99999.10

Joseph R. Manning, Jr., Esq.
LAW OFFICES OF JOSEPH R. MANNING, JR., APC
4667 MacArthur Boulevard, Suite 150
Newport Beach, California   92660
Tele: (949-200-8755
Fax:  (866) 843-8308

**Attorney for Plaintiff,
YVETTE AGUILLON**